NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANJUANA RANGEL-FONSECA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  15-73855<br><br>Agency No. A205-054-438<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Sanjuana Rangel-Fonseca, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her applications for cancellation of

removal, withholding of removal, and relief under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales* 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo questions of law, *Vinh Tan Nguyen v. Holder*, 763 F.3d 1022, 1027 (9th Cir. 2014). We grant in part and deny in part the petition for review, and remand.

The agency did not have the benefit of our decision in *Ramirez-Contreras v. Sessions*, 858 F.3d 1298 (9th Cir. 2017), holding that California Vehicle Code § 2800.2(a) is not a crime involving moral turpitude, when it determined that Rangel-Fonseca's conviction under § 2800.2(a) was categorically a crime involving moral turpitude. We therefore remand for the agency to consider Rangel-Fonseca's eligibility for cancellation of removal. *See Ramirez-Contreras*, 853 F.3d at 1306 (holding § 2800.2 is indivisible).

Substantial evidence supports the agency's conclusion that Rangel-Fonseca failed to establish a nexus between the harm she fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, her withholding of removal claim fails.

Substantial evidence supports the agency's denial of Rangel-Fonseca's CAT claim because she did not demonstrate a particularized threat of torture, and her

generalized evidence of violence and crime in Mexico is insufficient to meet the standard for relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**